UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MITCHELL M. HAAS,

                      Plaintiff,

       -against-                        06 Civ. 7673 (RJH)

**MEMORANDUM OPINION**
COMMERCE BANK,                       **AND ORDER**

                      Defendant.

On Friday, August 18, 2006, plaintiff Mitchell Haas opened a bank account at the Brooklyn Heights location of Commerce Bank ("Bank") and deposited over $16,000 in cash into the account. (Compl. ¶¶ 3, 13.) In the course of opening the account, plaintiff provided the Bank with his current address, which at that time was the Charles H. Gay shelter on Wards Island, and a telephone number that plaintiff explained to the Bank representative was for the Department of Homeless Services. (*Id.* ¶¶ 4–14.) The Bank representative assisting plaintiff indicated that his account was functional. (*Id.* ¶ 15.) Shortly thereafter, plaintiff used his new bank card to withdraw forty dollars. (*Id.* ¶ 16.)

Later that evening, plaintiff discovered that the bank card no longer functioned. (*Id.* ¶ 17.) As a result, plaintiff was unable to obtain sleeping accommodations for the night and had to return to the shelter. (*Id.* ¶¶ 17–18.) The next day, which was a Saturday, plaintiff telephoned the Bank, which informed him that the card was going through a 24-hour activation period. (*Id.* ¶ 19.) Plaintiff attempted to use his card again later that day, but it would not function. (*Id.* ¶¶ 21–25.) On the phone with the Bank again, plaintiff was told that the Bank had frozen his

account because the phone number for the Department of Homeless Services that plaintiff had provided was not acceptable. (*Id.* ¶ 27.) The Bank representative advised plaintiff to meet with a branch manager the next business day to sort out the problem. (*Id.* ¶ 29.) At some point, plaintiff did so and was informed by the branch manager that the source of the problem was "Regulation CC." (*Id.* ¶ 33.) Plaintiff alleges that, as a result of the Bank's failure to make his funds available for withdrawal, he was unable to obtain a place to stay that night and ended up sleeping on the streets of Brooklyn. (*Id.* ¶ 30.) He seeks one billion dollars in compensatory and punitive damages. (*Id.* ¶ 34.)

The Bank moves to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bank argues that the Complaint fails to identify any legal theory under which plaintiff could obtain relief for his injuries. The Bank's motion is unopposed. For the reasons sets forth below, the Bank's motion to dismiss is granted.

**BACKGROUND**

**I.     Motion To Dismiss**

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Supreme Court explained that, in order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." The Second Circuit has explained that *Twombly* imposes a plausibility requirement on pleadings under Rule 8, but does not, as a general matter, change the Rule 8

pleading standard: "the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, No. 05-5768, --- F.3d ---, 2007 U.S. App. LEXIS 13911, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007).

Although plaintiff has not opposed the Bank's motion, failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (quoting *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)). In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* Accordingly, the Court must review the Complaint to determine whether plaintiff has carried his burden.

Moreover, because Haas is proceeding pro se, the Court must liberally construe his pleadings, and must interpret his Complaint to raise the strongest arguments it suggests. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

3

**II.     Analysis**

Although plaintiff has failed to explicitly anchor his demand for compensatory and punitive damages to any legal theory, the Court assumes for purposes of this motion that by invoking Regulation CC, a regulation issued by the Board of Governors of the Federal Reserve System to implement the Expedited Funds Availability Act ("Funds Act"), *see* 12 C.F.R. § 229.1(a), plaintiff intended to allege a violation of the Funds Act, codified at 12 U.S.C. §§ 4001–10.

The purpose of Funds Act is to provide faster availability of deposited funds.  S. Rep. No. 100-19, at 28, reprinted in 1987 U.S.C.C.A.N. 489, 518.  The Act specifically provides that banks are civilly liable to individuals damaged as a result of a Funds Act violation, subject to a one-year statute of limitations, and provides for jurisdiction in federal district court.  *See* 12 U.S.C. § 4010(a), (d).  Under the Funds Act, cash deposited in new accounts "shall be available for withdrawal on the business day after the business day on which such cash or funds are deposited."  *See id.* § 4003(a); *see also* 12 C.F.R. § 229.13(a)(1)(i).  The Act defines "business day" as "any day other than a Saturday, Sunday, or legal holiday."  *Id.* § 4001(3).  A plaintiff may recover actual damages, plus "such additional amount as the court may allow but not less than $ 100 nor more than $ 1,000," together with costs and attorneys fees.  *Id.* § 4010(a)(1)–(3).

In the instant case, because plaintiff made a cash deposit on Friday, August 18, 2006, the funds in his account should have been available for withdrawal by the start of the next business day—here, Monday, August 21, 2006.  The only injuries described in the Complaint that are fairly traceable to the Bank, however, occurred on Friday and Saturday, August 18 and 19, before the funds in plaintiff's account were required to be available for withdrawal under the

Funds Act. Accordingly, the Court finds that plaintiff has failed to state a claim under the Funds Act.

There being no other legal theories apparent to the Court upon which plaintiff can bring suit against the Bank, the Court grants the Bank's motion to dismiss.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss [5] is granted. The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
July 30, 2007

Richard J. Holwell
United States District Judge